IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STACY A. TAMBURO, | ) |
| | ) |
| Plaintiff, | )   2:04-cv-1237 |
| v. | ) |
| | ) |
| ROSS/WEST VIEW EMERGENCY | ) |
| MEDICAL SERVICES AUTHORITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Pending before the court for consideration is Plaintiff's MOTION IN LIMINE TO PRECLUDE EVIDENCE OF PRIOR IN AND OUT-OF-WORK INCIDENTS (Document No. 27). Defendant has filed a response (Document No. 28) and the matter is ripe for disposition. The Court concludes that the motion will be granted in part and denied in part.

Plaintiff contends that she was terminated from her employment due to gender discrimination. Defendant has articulated a legitimate, non-discriminatory basis for its decision, namely Tamburo's actions during an incident in Millvale on January 9, 2004, in which she allegedly displayed unprofessional conduct in communicating with a patient and failed to deliver appropriate medical care. To succeed at trial, Plaintiff must demonstrate that Defendant's articulated reason was pretextual.

The instant motion in limine seeks to preclude all references to any events or actions in Plaintiff's employment history with Defendant prior to the January 9, 2004 incident. Plaintiff points to discovery responses in which Defendant repeatedly omits any reference to pre-incident conduct as a factor in its decision. Defendant contends that Plaintiff's entire employment record and work history is part of the relevant background informing its decision to terminate her.

The Court draws the line somewhere in the middle. On one hand, Defendant must be held to the content of its discovery responses and to its specific asserted reason for the discharge. Defendant clearly based its decision on the January 9, 2004 incident. Defendant had numerous opportunities to assert that Tamburo's entire employment record was taken into consideration, but it failed to do so. Thus, the Court agrees with Plaintiff that the entirety of her employment record is not at issue and is not relevant to the issues being tried.

On the other hand, the circumstances surrounding the January 9, 2004 incident are certainly relevant and admissible. This includes any previous interactions Tamburo may have had with the patient and/or family involved in the incident. Indeed, the portion of Bryan Kircher's deposition cited by Plaintiff in support of her motion refers to such a history. (*See* Kircher Deposition at 57, referring to potentially discriminatory conduct by Tamburo based on her "previous history at this, or previous responses, to this home.") Such evidence is important to give the factfinder a more complete understanding of Tamburo's conduct on January 9, 2004.

Moreover, the evidentiary ruling will be applied equally to both sides. If Tamburo "opens the door," for example by referring to positive aspects of her prior employment record, Defendant will certainly be entitled to rebut that testimony. From a review of Plaintiff's pretrial statement, it appears that several of her proposed exhibits would open the door to her overall employment history. It is also likely that pursuit of the hostile work environment claim may also make evidence regarding other aspects of Tamburo's employment record admissible. These aspects of evidence must be determined at trial.

SO ORDERED this 22nd day of February, 2007.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: James M. Herb, Esquire
Email: herblaw@verizon.net

Michael J. Witherel, Esquire
Email: wk-law@rwvems.org
Paul T. Grater, Esquire
Email: paul.grater@selective.com