IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STACY A. TAMBURO, | ) | |
| | ) | |
| Plaintiff, | ) | 2:04-cv-1237 |
| v. | ) | |
| | ) | |
| ROSS/WEST VIEW EMERGENCY | ) | |
| MEDICAL SERVICES AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM ORDER

Pending before the court for consideration are the following post-trial motions:

Plaintiff's MOTION FOR ATTORNEYS FEES AND COSTS (Document No. 50); Defendant's

MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT, AND ALTERNATIVE

MOTION FOR NEW TRIAL (Document No. 51) and Defendant's MOTION TO ALTER OR

AMEND JUDGMENT (Document No. 52).  The matters are ripe for disposition.

1. Plaintiff's Motion for Attorneys Fees and Costs

Plaintiff filed a motion pursuant to Fed. R. Civ. P. 54 to recover its attorney fees and

costs.  On March 2, 2007 judgment was entered in favor of Plaintiff on her claims of sex

discrimination due to wrongful termination and a hostile work environment.  Plaintiff has

attached exhibits to the motion that itemize her attorneys' time and the costs incurred.  In

addition, both counsel have submitted affidavits.  The sum of attorney fees and costs claimed by

Plaintiff is $47,739.41.  The Court issued a text order on March 15, 2007, directing Defendant to

file a response to the motion on or before March 28, 2007.  No response in opposition has been

filed.

Plaintiff's MOTION FOR ATTORNEYS FEES AND COSTS (Document No. 50) is

**GRANTED**.  The Court finds that Plaintiff is entitled to recover her attorneys fees and costs as a

prevailing party, see 42 U.S.C. § 2000e-5(k), and has adequately documented her claim.

Attorney fees and costs are hereby awarded to Plaintiff in the amount of $47,739.41.


2.      Motion for Judgment Notwithstanding the Verdict and/or Motion for New Trial

Defendant requests that the Court enter judgment in its favor, or in the alternative, grant a

new trial pursuant to Fed. R. Civ. P. 50.  Defendant contends that there was not substantial

evidence by which the jury could have found that Ross/West View's non-discriminatory reason

for termination of Tamburo's employment, namely her conduct during the incident on January 9,

2004, was pretextual.  Defendant also contends, without further explanation or citation to the

record, that the Court erred in excluding relevant evidence that would have supported

Defendant's reason for termination.  In addition, Ross/West View argues that there was not

substantial evidence to support a finding that Tamburo was subjected to a hostile work

environment.  Finally, Defendant conclusorily states that the verdict is contrary to the law and

evidence, even when considered in the light most favorable to Plaintiff, and that the Court erred

in denying Defendant's motion for judgment as a matter of law.

The Court does not agree.  As Defendant recognizes, the Court must view the evidence in

the light most favorable to Plaintiff, as the prevailing party.  There was more than sufficient

evidence to support the jury's findings on both counts -- disparate treatment in Tamburo's

discharge and a hostile work environment during her employment tenure.[1]   Defendant's

---

[1]Although the Court need not reach the issue of timeliness, it notes that the Judgment was
entered on March 2, 2007 and Defendant's motions were filed on March 15, 2007.  Pursuant to

MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT, AND ALTERNATIVE

MOTION FOR NEW TRIAL (Document No. 51) is **DENIED.**

       3.       <u>Motion to Alter and/or Amend Judgment</u>

Defendant's Motion to Alter or Amend Judgment, pursuant to Fed. R. Civ. P. 59, presents

a significant legal issue.  Defendant correctly points out that Title VII, 42 U.S.C. § 1981a(b)(3),

provides a cap on the amount of compensatory damages that a plaintiff may recover.  For an

employer having between 14 and 101 employees, such as Ross/West View, the statutory cap on

compensatory damages is $50,000.  Defendant requests that the Court reduce the jury award of

$200,000 in compensatory damages to $50,000, in accordance with the statute.

Plaintiff makes two arguments in response.  First, Plaintiff contends that the Defendant's

motion is untimely.  Second, Plaintiff points out that she also pursued claims against Ross/West

View under the Pennsylvania Human Relations Act (PHRA), 43 P.S. § 951 et seq., which has no

cap on compensatory damages.

The Court will deny the Motion to Alter or Amend Judgment on the merits and thus does

not reach the question of timeliness.  In *Gagliardo v. Connaught Labs*, 311 F.3d 565, 570 (3d

Cir. 2002), the Court of Appeals for the Third Circuit held "that § 1981a does not prevent a

claimant from recovering greater damages under a state law claim that is virtually identical to a

capped federal claim."  Although *Gagliardo* involved the ADA, Section 1981a was at issue and

the Court relied on cases from other circuits which recognized that Title VII contains an express

---

Fed. R. Civ. P. 6, intermediate weekends and holidays are excluded when computing time
periods of less than 11 days.  Thus, it appears that the motions were timely filed.

prohibition against limiting state law remedies.  *See* 42 U.S.C. § 2000e-7.  The Court reasoned

that the absence of a damages cap in the PHRA indicates that it was intended to provide a remedy

beyond its federal counterpart and that imposing the cap would frustrate the statutory

proclamation regarding a state's ability to provide for a greater recovery.  *Id. at 570-71.*  Thus, in

*Gagliardo*, the Third Circuit concluded that the district court had correctly apportioned the jury's

award of compensatory damages in excess of the federal cap to the PHRA claim.  The Court of

Appeals further noted that this apportionment fulfilled the district court's obligation to uphold a

jury award whenever possible.  *Id.* at 571. *See also* the numerous cases cited in Plaintiff's brief

which allocated compensatory damages above the Title VII cap to state law claims.

The Court finds that Defendant Ross/West View Emergency Medical Services Authority

is liable to Plaintiff Stacy Tamburo under the Pennsylvania Human Relations Act (PHRA) for

wrongful termination and a hostile work environment due to her gender and that Ms. Tamburo is

entitled to Back Pay of $51,150.00, Front Pay of $56,000 and Compensatory Damages of

$200,000 for a judgment in the total amount of $307,150.00.  Plaintiff is not entitled to a double

recovery under Title VII and the PHRA.  However, because there is no cap on compensatory

damages under the PHRA, Plaintiff is entitled to recover the entire amount awarded by the jury.

The Court will apportion all compensatory damages above the $50,000 cap in Title VII, or

$150,000, to Plaintiff's PHRA claims.   Defendant's MOTION TO ALTER OR  AMEND

JUDGMENT (Document No. 52) is **DENIED**.

SO ORDERED this 20th day of April, 2007.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:      James M. Herb, Esquire
            Email: herblaw@verizon.net

            Paul T. Grater, Esquire
            Email: paul.grater@selective.com